IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MURRAY AMERICAN RIVER TOWING, INC.; MURRAY AMERICAN TRANSPORTATION, INC.; NAVIGATORS INSURANCE COMPANY; AGCS MARINE INSURANCE COMPANY; AND STARR INDEMNITY & LIABILITY COMPANY, | Case No. 2:15-cv-01374 |
| Plaintiffs, | |
| v. | |
| UNION RAILROAD COMPANY, | |
| Defendant. | |

**MEMORANDUM**

This case arose from an incident on March 4, 2015, in which several barges broke away from a coal dock and were damaged when they hit a bridge. The sole remaining dispute is the amount of damages to which plaintiffs ("Murray") are entitled for Barge MRT-1923 ("Barge 1923"), which sank in the breakaway and was sold for scrap. On January 22, 2018, after a bench trial, the court issued thorough findings of fact and conclusions of law and entered judgment in favor of Murray and against defendant ("Union"). (ECF Nos. 66, 67). Now pending is a motion for reconsideration filed by Murray (ECF No. 68), with brief in support. Union filed a brief in opposition to the motion.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999). A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 n.3 (M.D. Pa. 1994) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Motions for reconsideration should not be used to relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995). *See generally United States ex rel. Emanuele v. Medicor Assocs.*, No. CV 10-245, 2017 WL 3675921, at *1 (W.D. Pa. Aug. 25, 2017).

Murray did not point to any new facts or law.[1] Murray's alleged basis for reconsideration boils down to whether a relevant market existed for Barge 1923. That issue was exhaustively addressed by the parties and considered by the court. Murray's disagreement with the court's decision does not warrant reconsideration. The motion for reconsideration filed by Murray (ECF No. 68) is DENIED. An appropriate order will be entered.

February 28, 2018.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

---

[1] The primary case Murray relied on in the motion for reconsideration, *The President Madison v. Skagit River Navigation & Trading Co.*, 91 F.2d 835 (9th Cir. 1937), was decided in 1937.